A. Gelabert & Co., S. en C., Demandante y Apelante, *v.*
Morales et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en
pleito sobre constitución de garantía.

Moción sobre reconsideración.

No. 2203.—Resuelto en junio 24, 1920.

Obligaciones Personales—Garantías—Fiador—Insolvencia del Deudor.—El
artículo 1096 del Código Civil no impone al obligado el deber de constituir
garantías para el cumplimiento de una obligación personal cuando ha ocu-
rrido la insolvencia del obligado o han desminuido o desaparecido las garan-
tías que tenía prestadas, sino que le da el derecho de prestar dichas garan-
tías en esos casos para evitar que la obligación sea exigible antes de su
vencimiento. El artículo 1088 del mismo Código que concede al acreedor
el derecho de exigir garantías se refiere a los casos dé obligaciones condicio-
nales y no a los de obligaciones puras.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. H. y L. Tormes.*

Abogado de los apelados: *Sr. J. Tous Soto.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

En once de este mes y año desestimamos la apelación es-
tablecida en este caso y nos fundamos en que no era ape-
lable la resolución dictada por la corte inferior mandando
cumplir otra resolución anterior de 30 de abril de 1919 por
la que se anuló y dejó sin efecto el embargo que para ase-
gurar la efectividad de la sentencia que pudiera recaer en
el pleito se había dictado anteriormente. La parte apelante
nos pide que reconsideremos la sentencia desestimando su
apelación, alegando que la estableció contra la resolución de
30 de abril de 1919 que anuló y dejó sin efecto la orden de
embargo y no contra la resolución posterior que dispuso el
cumplimiento de aquella.

En la transcripción de la apelación aparece al folio once
la resolución de 30 de abril de 1919 declarando con lugar la
moción de Eladio Burgos en la que pidió que se dejara sin
efecto la orden de embargo que se había dictado y que se

decretase el levantamiento del embargo que se había tra-
bado en sus bienes. Sigue inmediatamente otra moción de
Burgos presentada el 5 de mayo de 1919 en la que exponía
que siendo ejecutoria la resolución de 30 de abril de acuerdo
con la sección 14 de la ley para asegurar la efectividad de
las sentencias, se librase mandamiento al *marshal* para que
la cumpliese. A continuación está otra resolución ordenando
que se cumpliese la resolución de 30 de abril de 1919 y el
mandamiento que con tal fin fué librado el 5 de mayo de 1919
después de lo cual encontramos el escrito de apelación que
en lo necesario dice así:

"Que no estando conforme con la resolución de esta Corte dada
en este caso ordenando el levantamiento del embargo trabado en el
mismo para asegurar la efectividad de la sentencia que pudiera
recaer, apelamos de dicha resolución para ante la Corte Suprema
de Puerto Rico. Ponce mayo 5 de 1919. * * * Presentado en
10 de mayo de 1919."

En .vista de lo expuesto y dados los términos generales
en que está redactado el escrito de apelación en el que no se
consigna que el recurso se establece contra la resolución de
30 de abril de 1919, que se inserta en la transcripción la or-
den posterior disponiendo que el *marshal* levantase el em-
bargo y el mandamiento que se le expidió a ese efecto, ac-
tuaciones que eran innecesarias en apelación contra la reso-
lución de 30 de abril de 1919 y que la apelación fué presen-
tada después de la resolución posterior a la de 30 de abril,
entendimos, creemos que justificadamente, que la apelación
se estableció contra la resolución que mandaba ejecutar la
de 30 de abril de 1919 y no contra ésta.

Aunque en los escritos de apelación debe constar clara-
mente de cuál resolución se apela y aunque no resulta clara-
mente en este caso que la apelación se estableció contra. la
resolución de 30 de abril de 1919, sin embargo resolveremos
el caso por sus méritos ya que nuestra sentencia ha de ser
confirmatoria.

La mercantil A. Gelabert & Cía., S. en C., demandó el 30

de noviembre de 1918 a Remigio Morales y a Eladio Burgos alegando que Morales se comprometió en documento privado que firmó el 1º. de febrero de 1918 a pagarle en igual día y mes del año 1919 la cantidad de $1616.88 con sus intereses; que el otro demandado Burgos suscribió ese documento como fiador y principal pagador, mancomunada y solidariamente; que Morales era solvente cuando firmó el pagaré pues tenía bienes muebles y una participación en la sociedad mercantil Ortiz y Morales pero posteriormente todos sus bienes le fueron embargados por Burgos en pleito que sigue contra la mercantil Ortiz y Morales habiendo llegado así a tal estado de insolvencia que está imposibilitado de cumplir su obligación con el demandante; que las relaciones entre los demandados no son cordiales por sus disenciones en cuestión de intereses, lo que afecta al crédito que contra ellos tiene; que Burgos es propietario de bienes inmuebles radicados en el distrito de la corte en cantidad suficiente para garantizar con hipoteca el crédito de que es fiador y principal pagador de manera mancomunada y solidaria; que por los hechos expuestos tiene justo temor de que cuando venza la obligación tendrá dificultades para su cobro, habiéndose negado Burgos a prestar voluntariamente la garantía que le pidió el demandante.    En vista de esos hechos se solicita de la corte que declarando el estado de insolvencia de Remigio Morales requiera y ordene a Eladio Burgos que garantice con hipoteca el crédito o pagaré mencionado y las costas, intereses y honorarios del abogado de la acreedora en caso de ejecución.

Al presentar la demanda solicitó el demandante por medio de moción que se decretase el aseguramiento de la sentencia que pudiera recaer en el pleito mediante embargo de bienes de los demandados, petición que fué concedida por la corte siempre que se prestase la fianza que determinó.    Se embargaron bienes de Eladio Burgos por valor de $32,000, según declaración suya jurada quien, entonces, pidió a la corte que dejase sin efecto la orden de embargo y el que se

trabó en sus bienes, a cuya petición accedió la corte en 30 de abril de 1919.

La acción que se ejercita en la demanda no tiene por objeto cobrar del deudor directo ni del fiador antes de que llegara el día señalado para su cumplimiento la obligación que suscribieron por el hecho de que el primero de ellos se halle en estado de insolvencia, sino solamente que por esa insolvencia y por haberse negado el fiador a garantizar voluntariamente su obligación se. le condene a que constituya hipoteca a favor de la demandante.

¿Tiene Burgos la obligación de constituir la hipoteca que se le exige?

El Código Civil dispone lo siguiente:

"Artículo 1096.—Perderá el deudor todo derecho a utilizar el plazo:

"1. Cuando, después de contraída la obligación, resulte insolvente, salvo que garantice la deuda.

"2. Cuando no otorgue al acreedor las garantías a que estuviese comprometido. .

"3. Cuando por ·actos propios hubiese disminuído aquellas garantías después de establecidas, y cuando por caso fortuito desaparecieran, a menos que sean inmediatamente sustituídas por otras nuevas o igualmente seguras."

De acuerdo con ese precepto el demandado Burgos no tiene la obligación legal que se le reclama en la demanda. La prestación de garantía y la sustitución de las prestadas que hayan disminuído o hayan desaparecido es un derecho que la ley concede al obligado para evitar que pueda exigirse el cumplimiento de su obligación antes de su vencimiento por haber llegado a estado de insolvencia, por no haber constituído las garantías a que estuviese comprometido o por haber disminuído o desaparecido las que había constituído, pero no es una obligación impuesta a él por la ley. ·Además, Burgos no es insolvente según la demanda. Por consiguiente, no siendo exigible por el demandante la obligación .que en su demanda reclama de Burgos, procedió

correctamente la corte inferior al dejar sin efecto por su resolución de 30 de abril de 1919 el embargo que había decretado para asegurar la efectividad de la sentencia.

El artículo 1088 del propio Código, igual al 1121 del Código Civil Español, citado por la apelante en apoyo de su recurso, preceptivo de que "el acreedor. puede, antes del cumplimiento de las condiciones, ejercitar las acciones procedentes para la conservación de su derecho," no tiene aplicación al presente caso porque, como dice el Sr. Manresa en sus Comentarios al Código Civil, "forma una especie de las consecuencias especiales que acompañan a la obligación condicional" y "atendiendo a la letra del artículo, la facultad de utilizar acciones conducentes a la garantía de los derechos es peculiar de las obligaciones condicionales suspensivas   *   *   *  "; precepto que tiene su precedente legal en la Partida 5ª., Título XIV, Ley 32, que claramente menciona la obligación condicional suspensiva.

La obligación a plazo no se halla incluída entre las obligaciones condicionales porque ambas se distinguen en que la condición es un suceso incierto mientras que el plazo necesariamente ha de llegar en fecha de antemano conocida. Por esto y por otras diferencias se hallan en secciones distintas en el Código Civil, si bien seguidas.

Se comprende que el legislador conceda el derecho de exigir garantías en las obligaciones condicionales porque su cumplimiento no puede demandarse si no se realiza la condición suspensiva, y que no conceda igual derecho al acreedor en las obligaciones a plazo porque dependiendo éstas únicamente de que el día llegue, dá por vencido el plazo y concede al acreedor el derecho de reclamar la obligación antes del vencimiento cuando el deudor, llegando a estado de insolvencia después de constituída su obligación, no la garantiza, no otorga las garantías a que se hubiere comprometido o no sustituye las que hayan disminuído o desaparecido.

Tampoco tiene relación con este caso la cita que hace el

apelante de la opinión del Sr. Manresa al comentar el artículo 1140 del Código Civil Español, concordante con el 1107 del nuestro, en la que dice: "por otra parte, y siendo facultad del acreedor, antes del cumplimiento de la condición, ejercitar según el artículo 1121 las acciones conducentes a la conservación de su derecho es lógico que tales acciones de garantía se puedan intentar por cualquier acreedor o contra cualquiera de los deudores, con la sola excepción, respecto a éstos, de que se pidan medidas de precaución que exijan actos personales del especialmente obligado," porque esa opinión descansa, como ella dice, en el supuesto de obligaciones condicionales y la que se alega en este pleito no es condicional sino a plazo.

Por lo expuesto, debemos dejar sin efecto la sentencia que en 11 de este mes y año dictamos en este caso desestimando el recurso de apelación y en su lugar dictar otra resolviéndolo y confirmando la resolución dictada por la corte inferior en 30 de abril de 1919, por la que dejó sin efecto su anterior orden de embargo.

> *Dejando sin efecto la sentencia de 11 de junio*
> *1920 que se dictó en este caso, se confirma*
> *la resolución apelada de 30 de abril de 1919.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.